**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4002**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALBURY FRANCIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:01-cr-00094-BO-1)

Submitted:  September 11, 2013     Decided:  September 13, 2013

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James C. White, Michelle M. Walker, LAW OFFICES OF JAMES C. WHITE, P.C., Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albury Francis pled guilty, pursuant to a plea agreement, to possession with the intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 120 months' imprisonment. On appeal, Francis asserts that his plea was not knowing and voluntary because the district court failed to fully comply with Federal of Rule of Criminal Procedure 11 during his plea colloquy. We find Francis' arguments unavailing.

Because Francis did not move in the district court to withdraw his guilty plea, we review the Rule 11 proceeding for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). Plain error may be found only when an error occurs, is plain, and affects a defendant's substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the guilty plea hearing transcript leads us to conclude that the district court substantially complied with the mandate of Rule 11 in accepting Francis' guilty plea and that the district court's omissions did not affect Francis' substantial rights. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (holding that, to establish that noncompliance with Rule 11 affected substantial rights, defendant bears burden of showing "a reasonable probability that, but for the error, he would not have entered the plea.").

2

Further, most of the omissions Francis complains of were set forth in Francis' plea agreement.  Cf. <u>United States v. DeFusco</u>, 949 F.3d 114, 117 (4th Cir. 1991) (finding district court's failure to provide requisite Rule 11 information harmless error where defendant learned information from another source before plea).

Accordingly, we affirm the judgment below.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3